UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOMESTEAD INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 03-3116** |
| **TONTI DEVELOPMENT CORP. ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Homestead Insurance Company's motion for summary judgment is **DENIED**. (Document #48.)

**IT IS FURTHER ORDERED** that Guarantee Mutual Insurance Company's motion for summary judgment is **GRANTED**. (Document #53.)

### I. BACKGROUND

Homestead Insurance Company (Homestead) filed a complaint for declaratory judgment against Tonti Development Corporation (Tonti), Julie Green, and Guarantee Mutual Insurance Company (Guarantee). The complaint arose out of an incident on August 2, 1995, in which James R. Payne, an employee of Tonti, was injured by his co-employee, Green.

In a state-court petition, Payne alleged that he sustained bodily injury when Green

intentionally drove a golf cart into him in a parking lot at Sun Lake Apartments in Kenner, Louisiana. In September 2003, a unanimous jury found that Green committed the intentional tort of battery upon Payne and that Payne sustained injury as a result of the incident.[1] Judgment was entered against Tonti awarding Payne $514,959.75, plus interest and costs of the proceeding. Judgment was also entered in favor of Guarantee[2] for $326,601.75, plus interest, for compensation benefits and medical expenses Guarantee paid to and on behalf of Payne, all to be paid from Payne's award. Tonti devolutively appealed the judgment and was found to have no liability for Payne's injuries.

Guarantee undertook Tonti's representation in the worker's compensation proceeding. After receiving Payne's amended petition in April 1997, Guarantee advised Tonti that the tort action alleged in the complaint was not covered under the worker's compensation policy and that Tonti would have to tender the case to its liability insurance carrier to answer the amended complaint on its behalf. Guarantee further advised that it would file a motion for summary judgment seeking to be dismissed from the case as an improper party, but Guarantee would continue to defend any action based on the worker's compensation policy. Plaintiff's exh. 4. Tonti tendered the matter to Homestead, and Homestead agreed to accept the tender and provide a defense. Id. exh. 5. Homestead agreed to continue the retention of defense counsel and stated

---

[1] This was the second time the case was tried. In the first trial, the jury rendered a verdict in favor of Tonti, and the Court of Appeal reversed the judgment based on an erroneous evidentiary ruling.

[2] The Guarantee policy was a Group Employers Death, Disability, Burial, and Medical Benefits Insurance Master Policy for on-the-job-injuries.

that all future bills should be directed to Homestead for payment.  Homestead undertook the defense from May 1997 until the conclusion of the case in 2005, subject to a reservation of rights because the Homestead policy excluded coverage for intentional acts.  Homestead defended Tonti and paid the legal expenses and attorney's fees incurred by the defense counsel selected by Tonti in the amount of $171,481.

Following the state court judgment, Homestead filed the federal complaint, seeking a declaratory judgment that the provisions of the Employers Liability–Named Peril policy[3] do not cover the judgment in favor of Payne.  Homestead contends that is relieved of any further duty to defend and indemnify Tonti or Green[4] and to pay for any claims asserted by Payne or Guarantee.[5]  In an amended complaint, Homestead seeks declaratory judgment confirming that Guarantee is liable for all the defense costs incurred by Homestead in defense of Tonti.  Alternatively, Homestead alleges that its liability is excess to Guarantee's liability and Guarantee is liable to Homestead for all or part of Tonti's defense costs.

In May 2006, the parties filed a stipulation of judgment that claims between Homestead and Tonti are dismissed and that all rights of Tonti and Homestead against Guarantee are

---

[3]  The policy provides Tonti with up to $500,000 of coverage for an employee's accidental injury sustained while in the course and scope of Tonti's employment.

[4]  On February 9, 2004, Homestead voluntarily dismissed defendant Julie Green.

[5]  Payne filed a "Petition for Payment of Executory Judgment" in the 24th Judicial District Court against Homestead.  Homestead removed the case to federal court based on diversity jurisdiction.  See Civil Action No. 04-1499.  The case was consolidated with his case on June 15, 2004.  The court rescinded the order of consolidation, stayed this case, and remanded Civil Action 04-1499 to state court.

reserved. Homestead and Guarantee filed cross motions for summary judgment.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).

### B. Obligation to defend

Homestead contends that Guarantee bears the ultimate responsibility for funding Tonti's defense. Homestead contends that it is entitled to full reimbursement of the defense costs incurred by Homestead in defense of Tonti in the Payne case and for its attorney's fees and costs. Homestead argues that it had no duty to defend because the Homestead policy does not provide coverage for Payne's allegations of injury.

"Generally the insurer's obligation to defend suits against its insured is broader than its

4

liability for damage claims." Yount v. Maisano, 627 So.2d 148, 153 (la. 1993). "[T]he allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claim within the scope of the insurer's duty to defend the suit brought against the insured." Id.

The evidence establishes that Guarantee had no obligation to defend Payne's tort suit against Tonti. Guarantee is a worker's compensation carrier, and it fulfilled its obligations under the policy. When it became clear that Payne's allegations of an intentional tort were not within the scope of Guarantee's policy, Guarantee advised Tonti to contact its liability carrier. Homestead accepted the tender and reserved its rights under its policy, which excludes injury "intentionally caused or aggravated." Accordingly, there are no disputed issues of material fact, and Guarantee is entitled to judgment as a matter of law.[6]

New Orleans, Louisiana, this   13th   day of September, 2007.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[6] Because of the disposition of the case, the court does not address the question of the imposition of penalties.