UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOMESTEAD INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 03-3116** |
| **TONTI DEVELOPMENT CORPORATION ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Homestead Insurance Company's motion for summary judgment is **GRANTED**. (Document #79.)

**IT IS FURTHER ORDERED** that Guarantee Mutual Life Company's motion for summary judgment is **DENIED**. (Document #89.)

Guarantee argues that the assignment of Tonti Development Company's rights to Homestead is invalid, and Homestead's claims are barred by the doctrine of waiver and estoppel. The issues raised by Guarantee are foreclosed by the opinion of the Court of Appeals for the Fifth Circuit reversing the decision of the court that Guarantee had no obligation to defend James Payne's tort suit against Tonti and remanding for further proceedings. Homestead Insurance Co. v. Guarantee Mutual Ins. Co., No. 07-31113 (5th Cir. July 4, 2008). The Court of Appeals held

that "Guarantee waived its ability to raise a policy defense by defending Tonti for over twenty months without first reserving its rights." Id. The Court of Appeals further held that "Homestead is standing in the place of Tonti based on Tonti's assignment of its rights to Homestead." Id. "As Guarantee waived its right to invoke its policy defense, Homestead may recover in the place of Tonti under the assignment of rights." Id.

Accordingly, there are no disputed issues of material fact, and Homestead, standing in place of Tonti, is entitled to judgment as a matter of law on the issue of liability for Tonti's defense.

New Orleans, Louisiana, this __29th__ day of June, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**