# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HOMESTEAD INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 03-3116** |
| **TONTI DEVELOPMENT CORPORATION, ET AL.** | **SECTION: "S" (2)** |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In 1994, Tonti Development Corporation purchased an insurance package containing a worker's compensation policy provided by Guarantee Mutual Life Company, and an employer's liability policy provided by Homestead Insurance Company. On September 1, 1994, a Tonti employee, James Payne, was injured on the job. Payne brought a worker's compensation claim against Tonti, which Guarantee defended on Tonti's behalf. Payne also sued Tonti in tort in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana. Guarantee provided Tonti's defense in Payne's state court suit for 20 months, but withdrew from the representation when Payne amended his complaint to allege that his injury was caused by the intentional acts of another Tonti employee. Homestead provided for Tonti's defense in Payne's state court suit while reserving any and all rights it may have under the policy. On October 23, 2003, a jury found that Payne's injury was caused by

the intentional tort of another Tonti employee. The court entered a judgment holding Tonti liable for Payne's damages.

On November 5, 2003, Homestead filed this action against Tonti and Guarantee seeking a declaratory judgment that Payne's damages are not covered by the employer's liability insurance policy that it issued to Tonti because the policy specifically excludes coverage for bodily injury that is intentionally caused by an employee.

Homestead amended its complaint, seeking a declaration that Guarantee is liable for all of Tonti's attorneys' fees in defending Payne's state court suit, and that Homestead is entitled to bad faith damages from Guarantee because Guarantee failed to provide Tonti's defense in Payne's state court suit. Thereafter, Tonti assigned its right to pursue a claim against Guarantee for breach of the insurance contract to Homestead. Although Homestead agreed to pursue a claim for damages and bad faith penalties against Guarantee on Tonti's behalf, these claims were not pleaded.

In 2007, Homestead and Guarantee filed cross-motions for summary judgment on the issue of whether Guarantee was liable to pay for Tonti's defense of Payne's state court suit. This court denied Homestead's motion, and granted Guarantee's motion, finding that Guarantee was not obligated to provide Tonti's defense in that suit. The United States Court of Appeals for the Fifth Circuit reversed the district court ruling, holding that Guarantee had waived its right to assert policy defenses by defending Tonti for over 20 months without a reservation of rights. Homestead Ins. Co. v. Guarantee Mut. Ins. Co., 287 Fed. Apps. 306, 309 (59/20/10th Cir. 2008). The Court of Appeals further held that Tonti's assignment of its rights to Homestead was valid, and that Homestead may recover in Tonti's place. Id.

After the Court of Appeals remanded the action to the district court for further proceedings, this court granted Homestead's motion for summary judgment on the issue of Guarantee's liability for the entire cost of Tonti's defense of Payne's state court suit. Guarantee appealed that ruling, but the appeal was dismissed for lack of jurisdiction because it was not a final order of the district court.

This court must now determine the amount for with Guarantee is liable to Homestead.

**A.      Guarantee is Liable for All of the Costs of Tonti's Defense of Payne's State Court Suit**

The Court of Appeals held that Guarantee is liable for all of the costs of Tonti's defense of Payne's state court suit. The parties have stipulated that Homestead paid $98,993 for Tonti's defense of that action. Accordingly, because of the Court of Appeals' holding and the stipulation, Homestead is awarded $98,993 from Guarantee for the cost of Tonti's defense of Payne's state court suit.

**B.      Interest on Amounts Homestead Paid to Defend Tonti in Payne's State Court Suit**

Prejudgment interest is determined by state law in diversity cases. Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corp., 986 F.2d 1463, 1472 (5th Cir. 1993). Homestead's claim against Guarantee is one for attorneys' fees. In Louisiana, fee awards are generally not subject to prejudgement interest because reasonable fees cannot be ascertained prior to judgment. Riley Stoker Corp. v. Fidelity and Guaranty Ins. Underwriters, Inc., 26 F.3d 581, 591 (5th Cir. 1994). This rule applies to defense cost claims. Id. (citing Rovira v. LaGoDa, Inc., 5651 So.2d 790, 796 (La. Ct. App. 1989)). However, prejudgment interest may be awarded on a defense costs claim from the date of judicial demand, if the amount due is ascertainable as of the date of judicial demand. Id.

(citing Merrick Costr. Co. v. Hartford Fire Ins. Co., 449 So.2d 85, 89 (La. Ct. App. 1984), writ denied, 450 So.2d 958 (La. 1984)).

Homestead asserted its judicial demand on Guarantee for Tonti's defense costs in Payne's state court suit on May 19, 2004, when it filed its First Supplemental and Amending Complaint. See Doc. # 21. At that point, Homestead had already paid some amount for Tonti's attorneys' fees in Payne's state court suit. Homestead and Guarantee stipulated that Homestead paid $98,993 for Tonti's defense of Payne's state court suit. The documents that support ths stipulation show that some of the costs were incurred after Homestead made its judicial demand on Guarantee. According to Louisiana law, the amounts that had not been incurred as of the date of judicial demand were not ascertainable as of that date. Therefore, Homestead is entitled to prejudgment interest on the amounts that were incurred for Tonti's attorneys' fees prior to the date of judicial demand at the customary judicial rate under Louisiana law from the date of judicial demand, May 19,2004, to the date of this judgment.

## C.     Tonti's Damages for Breach of Contract[1]

Tonti and Guarantee entered into an insurance contract under with Guarantee provided worker's compensation insurance to Tonti. Also, Guarantee undertook an obligation to provide for Tonti's defense of Payne's state court suit by doing so for 20 months without a reservation of rights. According to the holding of the Court of Appeals, Guarantee breached its obligation to continue

---

[1] Neither Tonti nor Homestead pleaded a claim for Tonti's damages due to Guarantee's breach of contract in a complaint. However, pursuant to Rule 15(b)(2) of the Federal Rules of Civil Procedure, "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." The parties have addressed this claim in their trial memoranda. Therefore, it will be treated as if it had been pleaded.

providing for Tonti's in Payne's state court suit. Louisiana Civil Code article 1994 provides that, "[a]n obligor is liable for the damages caused by his failure to perform a conventional obligation." The obligee's damages are measured by the obligee's loss. LA. CIV. CODE art. 1995.

Homestead began providing Tonti's defense of Payne's state court suit when Guarantee breached the obligation it undertook to do so. If Guarantee had not breached its obligation to Tonti, Homestead would not have been involved in the Payne litigation, and would not have filed this suit against Tonti and Guarantee. Therefore, Tonti's attorneys fees in this matter are damages that resulted from Guarantee's breach of its obligation to Tonti, and Homestead, to whom Tonti has assigned its rights, is entitled to recover $50,527.16, the stipulated amount, for Tonti's attorneys' fees in defending this suit.

**D.     Interest on Tonti's Attorneys' Fees in this Matter**

As stated above, in Louisiana, attorneys' fees awards are generally not subject to prejudgment interest, unless the amount is ascertainable on the date of judicial demand. Riley Stoker Corp. v. Fidelity and Guaranty Ins. Underwriters, Inc., 26 F.3d at 591. Tonti's attorneys' fees in this matter were not incurred, and thus, not ascertainable, when this action was filed. Therefore, Homestead is not entitled to recover prejudgment interest on Tonti's attorneys' fees in this matter.

**E.     Bad Faith**[2]

Pursuant to Louisiana Revised Statutes § 22:1973, formerly § 22:1220, an insurer owes its insured a duty of good faith and fair dealing, and is liable for any damages sustained as a result of a breach of that duty, and penalties. An insurer can breach its duty of good faith and fair dealing by knowingly misrepresenting pertinent facts or insurance policy provisions relating to any coverage issue. Id.

Homestead argues that Guarantee acted in bad faith by knowingly misrepresenting its coverage to Tonti when it withdrew from providing a defense for Tonti in Payne's state court suit after it did so for 20 months without reserving its rights. Homestead argues that, as a result, it is entitled to recover a bad faith penalty and its attorneys' fees and expenses in connection with this suit.

Guarantee did not act in bad faith by withdrawing from providing Tonti's defense in Payne's state court action. Guarantee withdrew from providing the defense after Payne filed an amended complaint in which he alleged that his injury was caused by the intentional actions of another Tonti employee. At that point, Guarantee realized that Payne's claims may not have been covered by the insurance policy that it issued to Tonti because of a specific exclusion of an intentional tort of an employee. Further, Guarantee did not breach a provision of the insurance contract by withdrawing from providing Tonti's defense, but rather an obligation that it undertook. The issue whether Guarantee was required to continue providing Tonti's defense to Payne's state court suit because

---

[2] Neither Tonti nor Homestead pleaded a claim for Tonti's damages due to Guarantee's bad faith. However, the parties have addressed this claim in their trial memoranda. Therefore, pursuant to Rule 15(b)(2), it will be treated as if it had been pleaded.

it had undertaken to do so without reserving its rights was vigorously litigated in both the district court and the Court of Appeals, with Guarantee prevailing in the district court and Homestead in the Court of Appeals. Therefore, Guarantee did not knowingly misrepresent its coverage to Tonti, and was not in bad faith.

## CONCLUSION

On the basis of the above Findings of Fact and Conclusions of Law, the court finds that Homestead is entitled to recover its costs in providing Tonti's defense to Payne's state court suit, prejudgment interest on those attorneys' fees that were paid before the date of judicial demand, and Tonti's attorneys' fees in defending this suit. However, Guarantee is not liable for interest on Tonti's attorneys' fees in defending this suit or for bad faith under La. Rev. Stat. § 22:1973, formerly § 22:1220. Accordingly, Homestead is entitled to recover the following damages from Guarantee:

(1) Homestead's payments for Tonti's defense of Payne's state court suit in the amount of $98,993, with prejudgment interest at the customary judicial rate under Louisiana law from May 19, 2004, to the date of this judgment on the amounts that it incurred as of the date of judicial demand.

(2) Tonti's attorneys' fees in defending this suit in the amount of $50,527.16.

New Orleans, Louisiana, this  23rd day of September, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**